UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SUSAN MARTINEAU : | |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | C.A. No. |
| : | |
| LIFE INSURANCE COMPANY OF : | JURY TRIAL DEMANDED |
| NORTH AMERICA, d/b/a CIGNA : | |
| GROUP INSURANCE : | |
| : | |
| **Defendant** : | |

## COMPLAINT

Plaintiff Susan Martineau hereby commences this action against the Defendant and alleges:

### I. JURISDICTION AND VENUE

1. Plaintiff, a citizen of the State of Rhode Island, invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 as the claims asserted herein arise under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

2. Plaintiff was last employed by Webster Bank ("the bank") and was provided with Long Term Disability (LTD) benefits through her employment, and the bank is a plan sponsor within the meaning of ERISA 29 U.S.C. § 2002(16)(B).

### II. PARTIES

3. Defendant is a corporation duly organized under the laws of the State of Pennsylvania, with a principal office therein.

4. Defendant is the entity that administers the LTD benefits as the "plan administrator" within the meaning of ERISA, 29 U.S.C. § 1002(16)(A) and § 1132 and a "fiduciary" within the meaning of 29 U.S.C. § 1002(21) of ERISA.

1

5. Plaintiff is a resident of the state of Rhode Island and an ERISA Plan Beneficiary within the meaning of ERISA, 29 U.S.C. § 1132(a)(1)(B) and (3).

### III.    FACT ALLEGATIONS

6. Plaintiff was last employed by Webster Bank, engaged in clerical work as a universal banker.

7. Plaintiff left her employment due to cognitive impairments that were affecting her ability to function in the workplace.

8. Plaintiff suffered a stroke in 2009 when she was in her early forties, which resulted in permanent cognitive impairment despite her best efforts to rehabilitate.

9. Plaintiff had also suffered a prior head injury in her early twenties when a drunk driver struck her vehicle.

10. Following the 2009 stroke, Plaintiff required both speech and physical therapy, and she was advised that she would be totally permanently disabled from all employment as a result.

11. Although the Plaintiff was not able to regain full cognitive abilities after her stroke, she was able to rehabilitate herself sufficiently to return to the work force.

12. Plaintiff's recovery from the 2009 stroke was not permanent.  Instead, over the years, she would regress cognitively and functionally, to the point where she was no longer able to perform the duties of her position.

13. Plaintiff's last day of work at the bank was on or about April 15, 2016.

14. Plaintiff's claim for LTD benefits was initially approved on October 3, 2016.

15. Defendant conducted a "review" of Plaintiff's on-going benefit eligibility and by letter dated June 21, 2017 she was abruptly denied benefits.

16. Plaintiff appealed that benefit denial and was ultimately awarded continued benefits through October 2, 2018.

17. By letter dated August 23, 2018, Plaintiff was denied benefits yet again effective October 2, 2018 forward.

18. Plaintiff also appealed that benefit denial, but by letter dated May 10, 2019, Defendant affirmed the benefit denial.

19. Plaintiff attempted to file a second voluntary appeal of the benefit denial but her appeal was denied because she did not have new medical documentation to submit in support of her appeal at that time.

20. Despite LTD benefit denials, as of October 1, 2016, Plaintiff was awarded Social Security Disability Insurance benefits ("SSDI"), with the specific caveat that a representative payee be appointed to manage her funds, and she has continuously maintained her eligibility for those benefits.

21. As part of the SSDI claim process, Plaintiff was required to undergo a psychological evaluation conducted by Louis Turchetta, Ed.D.

22. Dr. Turchetta concluded in his evaluation that Plaintiff was "functioning in the Extremely Low to Low Average range of cognition as evidenced by standardized tests.  She experience profound difficulty in the areas of working memory and also had problems with verbal comprehension and processing speed."

23. Dr. Turchetta specifically opined that the Plaintiff:  "would be challenged to understand, remember and carry out instructions in a complex work setting."

24. Dr. Turchetta further recommended:  "If funds are awarded, the claimant will require assistance in managing them."

25. In an effort to justify the LTD benefit denial, Defendant required Plaintiff to submit to an independent medical evaluation with Geoffrey Tremont, Ph.D and he conducted a neuropsychological testing and evaluation.

3

26. Dr. Temont's testing data found that Plaintiff's "comprehensive meaure of general cognitive skills" fell in the "borderline range" and her "[v]erbal comprehension and perceptual reasoning indices were also borderline. Her Working Memory Index was extremely low … Processing Speed Index was low average."

27. Dr. Tremont's testing showed various levels of impairment for the Plaintiff on other types of cognitive testing.

28. However, Dr. Temont then opined that he was unable to state whether or Plaintiff definitively had cognitive impairments, citing that Plaintiff scored low on embedded questions within the test that were designed to evaluate effort level.

29. Dr. Tremont did not opine in his report that Plaintiff did not have substantial cognitive impairments or was not totally and permanently disabled.

30. Defendant then took portions of the report of Dr. Tremont out of context and used wrongfully used them as a basis for denying Plaintiff benefits.

31. During the administrative appeal process Plaintiff met the Plan definition of continuous total disability and provided Cigna with appropriate medical documentation to fully support her LTD benefit appeals.

32. Plaintiff has now exhausted all available administrative appeals.

33. Plaintiff submits that she stands eligible for LTD benefits through the Cigna policy, as she meets the policy definition of "Disabled."

34. At this juncture Plan requires that Plaintiff show that she is physically disabled from employment in "any occupation."

35. As a result of the denial of LTD benefits, Plaintiff has suffered the loss of the value of LTD benefits, and has suffered other pecuniary damages including attorney's fees and costs of the within litigation.

## COUNT I
## DENIAL OF PLAN BENEFITS
## 29 U.S.C. § 1132(a)(1)(B)

36. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

37. Plaintiff Plan Beneficiary, at all times since October 3, 2016, has been and continues to be totally disabled within the meaning of the Plan, and therefore eligible to receive Long Term Disability benefits thereunder.

38. By correspondence dated May 10, 2019, Defendant made a final denial of Plaintiff's claim for benefits.

WHEREFORE, Plaintiff prays for the relief requested herein.

## COUNT II
## BREACH OF FIDUCIARY DUTY
## 29 U.S.C. § 1132(a)(3)

39. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint

40. Defendant stands in the position of fiduciary to Plaintiff.

41. In breach of its fiduciary duties, Defendant has wrongfully failed and/or refused to appropriately pay Plaintiff monthly LTD benefits pursuant to the provisions and requirements of the Plan.

WHEREFORE, Plaintiff prays for the relief requested herein.

## PRAYER FOR RELIEF

Plaintiff Susan Martineau, prays that this Court grant her the following relief:

1. Declare that Plaintiff stands entitled to Long Term Disability (LTD) benefits under the terms of the LTD policy;

2. Order Defendant to pay Plaintiff's LTD benefits retroactive to termination;

3. Award Plaintiff reasonable attorney's fees, litigation expenses and costs;

4. Award Plaintiff appropriate interest on all such monies; and

5. Such other and further relief as the Court deems just and proper to award Plaintiff.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

                                             Respectfully submitted,
                                             PLAINTIFF
                                             SUSAN MARTINEAU
                                             By her Attorneys,

                                             /s/ Noelle K. Clapham
                                             Noelle K. Clapham #5338
                                             Vicki J. Bejma #6498
                                             Robinson & Clapham
                                             123 Dyer Street Suite 135
                                             Providence, RI  02903
                                             (401) 331-6565
                                             (fax) 331-7888
                                             robinsonandclapham@gmail.com
                                             vbejma@smrobinsonlaw.com